UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEIVON POWELL,

                Plaintiff,                    Case No. 2:08-cv-164

v.                                              Honorable R. Allan Edgar

FERNANDO FRONTERA et al.,

                Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Marquette Radiology Associates, P.C. and Unknown Party. The Court will serve the complaint against Defendants Fernando Frontera, Marco Di Biase, Todd K. Bostwick, and Gloria Hill.

**Discussion**

I.   Factual allegations

Plaintiff is currently incarcerated at Baraga Maximum Correctional Facility (AMF). In his *pro se* complaint, Plaintiff sues Doctor Fernando Frontera, Marquette Radiology Associates, P.C. (MRA), Marco Di Biase, Todd K. Bostwick, Unknown Party, and Gloria Hill for violating his Eighth Amendment rights.

Plaintiff alleges that he broke his finger. The injury was not treated and caused severe pain. Two sets of x-rays taken at MRA revealed a chip fracture and "possible foreign body" at the joint of his third finger. No corrective action was taken. Plaintiff's request for pain medication was denied even though he informed the medical staff that the over-the-counter medications he was using were not effective. He also claims that Doctor Frontera does not have a valid medical license.

For relief, Plaintiff seeks monetary damages.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff names the MRA as a defendant. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law. *West*, 487 U.S. at 48; *Street*, 102 F.3d at 814. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). MRA is a private company that rendered specialized services to Plaintiff at its off-site location. Plaintiff has not presented any allegations by which the actions of MRA employees could be fairly attributed to the State. *See, e.g. Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (allegation that hospital and social worker were subject to state licensing was insufficient to support finding that defendants were acting under color of state law); *Adams v. Vandemark*, 855 F.2d 312, 315-16 (6th Cir. 1988) (fact that nonprofit corporation was funded almost entirely by public sources, and was subject to state regulation, without more, is insufficient to make private entity's decision to discharge employees attributable to state for purpose of § 1983 action). Further, even if Defendants treated Petitioner at the state's request and expense, they did not thereby become state actors. *See Rendell-Baker*, 457 U.S. at 841 ("private contractors do not become the acts of the government by reason of their significant or even total engagement in performing public contracts"); *Bell v. Mgmt. and Training Corp.*, 112 F. App'x 219, 223 (6th Cir. 2005) (private company operating state corrections facilities is not a state actor).

Even if the MRA was a state actor within the meaning of § 1983, Plaintiff's claim against it fails. Plaintiff alleges that the company failed to provide him proper medical care through its hired employees. It is well established that a plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818 (quoting *Monell*, 436 U.S. at 694). An entity may not be sued in an action under § 1983 for an injury inflicted solely by its employees or agents. *Monell*, 436 U.S. at 694; *Collins v. City of Harker Heights*, 503 U.S. 117, 121 (1992). *See also Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights). Thus, because MRA cannot be liable under § 1983 solely because it employed persons who allegedly denied Plaintiff's constitutional rights, Plaintiff's action against it fails.

Plaintiff has also named "Unknown Party" as a defendant. Plaintiff's sole reference to "Unknown Party" is as follows verbatim: "On 28/Jun/06, Pl[aintiff] spoke w/ Def. Unknown R/N making rounds in 1-unit, (Def. Unknown R/N)) about Def. Frontera practicing medicine w/out a license in violation of state law." (Complaint, ¶ 18, docket #1). Plaintiff correctly states that practicing medicine without a license is a violation of state law. *See* MICH. COMP. LAWS § 333.16294. Section 1983, however, does not provide a remedy for a violation of a state law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Even assuming Defendant Unknown Party was authorized to take some action with respect to Dr. Frontera's alleged state law violation, her inaction does not amount to a violation of Plaintiff's federal constitutional rights.

Accordingly, Plaintiff has failed to demonstrate that Defendant Unknown Party engaged in any active unconstitutional conduct.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Marquette Radiology Associates, P.C. and Unknown Party will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Fernando Frontera, Marco Di Biase, Todd K. Bostwick, and Gloria Hill.

An Order consistent with this Opinion will be entered.

Dated:     11/13/08                    /s/ R. Allan Edgar
                                       R. Allan Edgar
                                       United States District Judge